IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **EDWARD PAUL NEWSOME, # 42352-117,** § | | |
| Petitioner, § | | |
| § | | |
| v. § | | 3:13-CV-4954-M-BK |
| § | | (3:10-CR-0246-M-1) |
| **UNITED STATES OF AMERICA,** § | | |
| Respondent. § | | |

### FINDINGS, CONCLUSIONS AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

Petitioner, a federal prisoner, filed a *pro se* motion to vacate sentence under 28 U.S.C. § 2255, which was automatically referred to the United States Magistrate Judge. *See* 28 U.S.C. § 636(b) and *Special Order 3*. For the reasons that follow, it is recommended that the section 2255 motion be denied.

### I. BACKGROUND

Pursuant to a plea agreement with an appellate-rights waiver, Petitioner pled guilty to conspiracy to possess with intent to distribute a controlled substance (Count 1), and possession of a firearm in furtherance of a drug trafficking crime (Count 3), and was sentenced to 210 months' imprisonment (the Court varied below the guideline range to impose 150 months for conspiracy to be followed by the mandatory, consecutive 60 months for the gun charge) and a four-year term of supervised release. *See United States v. Newsome*, 3:10-CR-0246-M-1 (N.D. Tex., Dallas Div., May 13, 2011), *appeal dismissed*, 501 Fed. Appx. 329, 2012 WL 6582403 (5th Cir. Dec. 17, 2012) (finding no non-frivolous issue for appeal and granting counsel's motion to withdraw). In accordance with the plea agreement, the government dismissed Count 2, felon in possession of a firearm under 18 U.S.C. § 922(g)(1).

In the four grounds raised in his timely section 2255 motion, Petitioner asserts ineffective assistance of counsel during the plea proceedings and on appeal. [Doc. 2 at 5-9]. The government argues the section 2255 motion lacks merit, and Petitioner has filed a reply. [Doc. 8; Doc. 16].

## II. ANALYSIS

After conviction and exhaustion or waiver of the right to direct appeal, the Court presumes that a petitioner stands fairly and finally convicted. See *United States v. Cervantes*, 132 F.3d 1106, 1109 (5th Cir. 1998) (citing *United States v. Shaid*, 937 F.2d 228, 231-32 (5th Cir. 1991) (*en banc*)). Under section 2255, a petitioner can collaterally challenge his conviction only on constitutional or jurisdictional grounds. See *United States v. Willis*, 273 F.3d 592, 595 (5th Cir. 2001).

### A. Voluntariness of Guilty Plea

Even though not raised as a standalone claim, Petitioner challenges the voluntariness of his guilty plea throughout his pleadings. Specifically he asserts counsel erroneously advised him regarding the 60-month mandatory, consecutive sentence on the section 924(c) firearm count, and his repeated requests to "sever" that count and proceed to trial. [Doc. 3 at 7, 11]. Petitioner avers that counsel mistakenly informed him that the 60-month sentence would run concurrent, not consecutive, to his other sentence and that he could not "sever" the section 924(c) firearm count. [Doc. 3 at 7, 11, 18]. He maintains that counsel's faulty information and his failure to investigate "misguide[d] and coerced" him into accepting a plea and a plea agreement that contained a firearm charge of which he was innocent. [Doc. 3 at 3, 10, 11, 18]. Petitioner also claims that counsel did not fully or properly explain the waiver of appellate and post-conviction rights. [Doc. 3 at 11]. As to the Court and the prosecution, he urges that neither explained the

essential elements of the offenses and the consequences of his guilty plea. [Doc. 3 at 15]. Petitioner's assertions, however, are contradicted by the record and his admissions and testimony during rearraignment.

A guilty plea must be knowingly, voluntarily, and intelligently made to be constitutionally valid. *United States v. Hernandez*, 234 F.3d 252, 254 (5th Cir. 2000). In determining the voluntariness of a plea, the court considers all relevant circumstances, including whether the defendant: (1) had notice of the charges against him; (2) understood the constitutional protections he was waiving; and (3) had access to competent counsel. *United States v. Washington,* 480 F.3d 309, 315 (5th Cir. 2007).

A defendant ordinarily may not refute his sworn testimony given at a plea hearing while under oath. *Cervantes,* 132 F.3d at 1110. Declarations made under oath in open court carry a strong presumption of truth, forming a formidable barrier to relief in any subsequent collateral proceedings. *Blackledge v. Allison,* 431 U.S. 63, 73-74 (1977). A defendant must also overcome the presumption of regularity and "great evidentiary weight" accorded court records. *See United States v. Abreo,* 30 F.3d 29, 32 (5th Cir. 1994) (holding that signed, unambiguous plea agreement "is accorded great evidentiary weight" when determining whether plea is entered voluntarily and knowingly).

The only conclusion supported by the record is that Petitioner's guilty plea was knowing and voluntary. During the Rule 11 hearing, Petitioner assured the Court under oath that he understood the essential elements of both the drug conspiracy and the section 924(c) firearm offenses, and admitted committing the essential elements of each offense.

> **THE COURT:** I will ask the Assistant United States Attorney to set out what we call the essential elements of the offense. This is what the Government would have to prove at trial in order to convict you, and I'm going to ask you

some questions about the elements when he's done.

**MR. BUNCH:** Thank you, Your Honor. Count 1, conspiracy to possess with the intent to distribute a Schedule 2 controlled substance, 21 U.S.C. Section 846, first, that two or more persons directly or indirectly reached an agreement to possess with the intent to distribute 50 grams or more of a mixture or substance containing a detectable amount of methamphetamine.

Second, that the defendant knew of the unlawful purpose of the ingredients.

Third, that the defendant joined in the agreement willfully, that is, with the intent to further its unlawful purpose.

Count 3, the possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. Section 924(c)(1)(A).

First, that the defendant committed the crime alleged in Count 1 of the pending indictment (inaudible) possessed with the intent to distribute a controlled substance, which is a drug trafficking crime, and

Second, that the defendant knowingly possessed a firearm in furtherance of the defendant's commission of his drug trafficking crime.

**THE COURT:** Mr. Newsome, do you understand each of the essential elements of each of these offenses?

**MR. NEWSOME:** Yes, ma'am.

**THE COURT:** Do you admit that you committed these essential elements?

**MR. NEWSOME:** Yes, ma'am.

[Crim. Doc. 95 at 10-12].

In addition, Petitioner confirmed that no one had coerced or threatened him in any way to enter his guilty plea, that no one had made any promises to cause him to enter into the plea agreement, and that he was pleading guilty freely and voluntarily. [Crim. Doc. 95 at 12, 17]. He averred that he was fully satisfied with his counsel's representation and that he understood the consequences of his guilty plea. [Crim. Doc. 95 at 7-8, 10, 22]. He also assured the Court that

Page **4** of **14**

he understood that he had given up his right to appeal or otherwise challenge his sentence through a writ of habeas corpus.  [Crim. Doc. 95 at 15-16].  Moreover, regarding the firearm count, Petitioner affirmed that he understood the minimum and maximum sentence was not less than five years and no more than life, and that it would have to be served consecutively to any other term of imprisonment. [Crim. Doc. 95 at 18-19].  He conceded that no one had made any predictions or promises about the sentence, that he understood only the Court would determine and assess the sentence *after* considering the Presentence Report (PSR) and consulting the Sentencing Guidelines, and that he would be bound by his plea even if the sentence was higher than expected.  [Crim. Doc. 95 at 8, 19-20].  Regarding the factual resume, he advised the Court that he had reviewed and understood it, and that the facts contained therein were true and correct. [Crim. Doc. 95 at 24].

During the plea hearing, Petitioner requested counsel to inquire once more if the prosecutor would permit him to plead guilty to the felon in possession of a firearm count (Count 2) instead of the section 924(c) charge (Count 3), which, unlike Count 2, carried a consecutive imprisonment term.  [Crim. Doc. 95 at 20].  The prosecutor declined the request, noting that defense counsel had previously engaged in lengthy negotiations on that very issue and set forth his client's position, and stated that "the Government [was] unwilling to waive Counts 1 and 3" but if Petitioner "wishe[d] to withdraw the plea at this point, we can proceed to trial."  [Crim. Doc. 95 at 20-21].  The hearing was adjourned briefly to allow Petitioner to consult privately with counsel in light of the Government's position.  [Crim. Doc. 95 at 21.  Subsequently, Petitioner pled guilty to both the conspiracy count and the section 924(c) firearm count, affirming that he was "proceeding voluntarily and of [his] own free will," and that he understood the consequences of his plea.  [Crim. Doc. 95 at 21-22].  Tellingly, Petitioner advised that he had

Page **5** of **14**

no further questions for his counsel, the prosecutor, or the Court, and he did not contest his guilt of the section 924(c) count or seek further clarification of whether the sentence on that count would run concurrent or consecutive to that of the other count. [Crim. Doc. 95 at 22].

Moreover, Petitioner had abundant time after the entry of his guilty plea and through sentencing, some five months later, to advise the Court that his guilty plea was involuntary and coerced with respect to the section 924(c) firearm count, and/or that he was dissatisfied with defense counsel's conduct. Yet, at sentencing, Petitioner voiced no objection or concern about his plea or his counsel's allegedly deficient performance. [Crim. Doc. 99].

In his reply, Petitioner asserts for the first time that the Court failed to conduct a proper plea colloquy with respect to the section 924(c) firearm charge. [Doc. 16 at 3]. He contends the plea transcript does not show that he admitted possessing any weapon. [Doc. 16 at 1]. He states "the Government does not have any statements from confidential informant ("CI"), the codefendants . . . or any other witnesses that proves that [Petitioner] is known for carrying a firearm during a drug transaction." [Doc. 16 at 3].

A new claim, however, is not permitted in a reply. *See* Jan. 6, 2014 Order [Doc. 5 at 2] ("A reply must be limited to the arguments raised in the government's responsive pleading and shall not include any new allegations of fact or new grounds for relief."). Even liberally construing the reply as a motion for leave to amend, *see United States v. Trevino*, 554 Fed. Appx. 289, 293 (5th Cir. 2014) (requiring new issue raised by *pro se* litigant in reply to responsive pleading to be construed as a motion to amend), Petitioner must first show that the newly raised claim of no factual basis is timely and not procedurally barred.[1]

---

[1] Here, the one-year period elapsed in March 2014, two months before the filing of the reply. *See* 28 U.S.C. § 2255(f)(1); *Mayle v. Felix*, 545 U.S. 644, 650, 659 (2005) (new claims do not

Alternatively, Petitioner's claim of no-factual basis lacks merit. Rule 11 requires a district court to "determine that there is a factual basis for the plea." FED. R. CRIM. P. 11(b)(3); United States v. Armstrong, 951 F.2d 626, 629 (5th Cir. 1992) (a court cannot accept a guilty plea unless there is a sufficient factual basis). "The factual basis must appear in the record and must be sufficiently specific to allow the court to determine if the defendant's conduct was within the ambit of that defined as criminal." United States v. Carter, 117 F.3d 262, 264 (5th Cir. 1997). However, "[r]elief from a formal or technical violation of Rule 11 is not available in a § 2255 collateral attack, but instead is available only upon a showing of prejudice." Id. (noting that it would be prejudicial to the defendant to enter "a plea of guilty to a crime which, based on the facts in the record, he did not actually commit.").

In this case, the Factual Resume, which usually provides the factual basis for the guilty plea, was silent as to the firearm offense. [Crim. Doc. 34]. However, even assuming a Rule 11 violation, Petitioner has shown no prejudice -- namely that he pled guilty to a crime that he did not commit. In his reply, he merely reiterates that "there was no testimony . . . that he ever possessed a weapon or even knew that a weapon existed," which is based on his flawed assertion that actual possession of a firearm was required under section 924(c). [Doc. 16 at 3]. However, at rearraignment, as previously noted, the Government read each of the essential elements of the conspiracy and section 924(c) firearm counts [Crim. Doc. 95 at 11-12], and Petitioner not only

---

automatically relate back merely because they arose out of the same trial and conviction).  In addition, any Rule 11 violation not raised on direct appeal is procedurally barred unless the petitioner can show either (1) cause for not raising the issue or (2) actual innocence of the crime. See United States v. Cooper, 548 Fed. Appx. 114, 115-117 (5th Cir. 2013) (addressing procedural bar in context of claim that there was no factual basis to support guilty plea).

acknowledged that he understood the essential elements, but also admitted committing each one of them. [Crim. Doc. 95 at 12].

Moreover, Petitioner mistakenly relies on *Bailey v. United States*, 516 U.S. 137, 144 (1995), in support of his argument that "for an individual to be charged with a firearm," he must have "the 'ability' to take actual possession of it or . . . over the premises where it was located." [Doc. 3 at 4, 8-9]. Unlike in *Bailey*, Petitioner was pleaded guilty to possession of a firearm in furtherance of a drug trafficking crime, not using or carrying a firearm in connection with such crime. *See* 18 U.S.C. § 924(c)(1). As is relevant here, a defendant is deemed to possess a firearm "in furtherance of the drug trafficking offense when [the firearm] furthers, advances, or helps forward that offense." *See United States v. Ceballos-Torres*, 218 F.3d 409, 410-411 (5th Cir. 2000). Factors supporting such finding include: (1) the type of drug activity, (2) the type of firearm, (3) the accessibility of the firearm, (4) the proximity of the firearm to drugs or drug profits, (5) whether the firearm was loaded, (6) whether the firearm was stolen, (7) whether the firearm was possessed legally or illegally, and (8) the time and circumstances under which the firearm was found. *Id*. at 414-415.

In this case, as reflected in the findings of the Presentence Report (PSR) adopted by the Court, a confidential informant twice saw Petitioner selling drugs at the 2529 Merrell Road location where he resided with co-defendant William Riddle. [Crim. Doc. 56-1 at 5, ¶ 12]. Following his arrest, Petitioner confessed to selling substantial quantities of drugs from the residence, and Riddle admitted selling methamphetamine with Petitioner. [Crim. Doc. 56-1 at 6, ¶¶ 16-17]. The firearm was found loaded underneath the mattress in the master bedroom of the residence, in close proximity to methamphetamine, other drugs, and drug-selling paraphernalia [Crim. Doc. 56-1 at 6, ¶ 14]. Thus, the facts set out in the PSR (to which Petitioner lodged no

objection) confirm that his conduct violated section 924(c)(1)(A) – namely that he possessed a firearm in furtherance of a drug-trafficking offense – which is the very point of the inquiry the Court was required to conduct under Rule 11(b)(3).

Thus, the record of this case, including Petitioner's sworn testimony at his re-arraignment hearing, clearly establish that his decision to plead guilty to the conspiracy and firearm counts was not coerced and was knowing and voluntary.

### B. Ineffective Assistance of Counsel

To establish ineffective assistance of counsel, a petitioner must show that counsel's performance was deficient and that the deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687-688 (1984). Failure to establish either deficient performance or prejudice defeats the claim. *Id.* at 697. To prove the deficient performance prong of the *Strickland* test, a petitioner must show that counsel made errors so serious that he or she was not functioning as the counsel guaranteed by the Sixth Amendment. *Id.* at 687. The proper measure of attorney performance is reasonableness under prevailing professional norms. *Id.* at 688. "Judicial scrutiny of counsel's performance must be highly deferential." *Id.* at 689. There is a strong presumption that counsel's conduct fell within the wide range of reasonable professional assistance. *Id.* To prove prejudice, in the context of a guilty plea, the petitioner must show that "counsel's constitutionally ineffective performance affected the outcome of the plea process." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985). The petitioner bears the burden of demonstrating that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Id.*

*Failure to Investigate (Claim 1)*

Petitioner asserts counsel rendered ineffective assistance in failing to "investigate the

proper ownership of both the dwelling and or vehicle, in which the contraband was located." [Doc. 2 at 5].  He contends that he "originally advised Counsel that he had no ties to the dwelling, or the drugs, and the firearm;" that he "had no knowledge of any weapon"; and that he "had never possessed the firearm."  [Doc. 2 at 5; Doc. 3 at 3-4].  He maintains that counsel should have requested "that fingerprinting be conducted" on the firearm.  [Doc. 3 at 6].  In support, Petitioner reiterates his mistaken assertion, discussed above, that actual physical possession of the firearm was required to prosecute him under section 924(c)(1)(A).

Petitioner has presented only bare allegations of counsel's failure to investigate.  That is insufficient to sustain his claim.  *See* United States v. Curtis, 769 F.3d 271, 276 (5th Cir. 2014), *cert. denied,* 2014 WL 5308405 (U.S. 2014) (cited cases omitted) ("To establish [a] failure to investigate claim, [a defendant] must allege with specificity what the investigation would have revealed *and how it would have benefitted him."*) (quoted case omitted, emphasis in original).  He has failed to show with specificity what the investigation would have revealed and how it would have altered the outcome of his plea.  *Id.* at 277-278.  In addition, as addressed previously, the factual findings in the PSR, to which Petitioner lodged no objection, confirm that he possessed a firearm in furtherance of a drug-trafficking offense in violation of section 924(c)(1)(A). Therefore, his first claim fails.

*Erroneous Advice Regarding Crucial Elements and Law* (Claim 2)

Next, Petitioner asserts counsel was misinformed about the possibility of separating or severing the conspiracy and firearm counts and, consequently, misadvised him regarding the applicable law, which ultimately coerced him into pleading guilty to the section 924(c) firearm count.  [Doc. 3 at 5-6, 7, 10, 13-14, 17; Doc. 16 at 3, 5, 6].  Petitioner does not present a plausible argument that "severance" – namely pleading guilty to one count, and proceeding to

trial on the other, as he clarifies in his reply -- was a viable option. [Doc. 16 at 5]. His suggestion here that, but for counsel's ineffectiveness, the charges could have been severed or separated and he would have proceeded to trial on the section 924(c) count, is belied by the record. At rearraignment, Petitioner never suggested proceeding to trial on any charge. Indeed, as previously recounted herein, the prosecutor explained that while the Government was not willing to enter into a different plea agreement, Petitioner could withdraw his plea and proceed to trial. [Crim. Doc. 95 at 20-21]. Petitioner instead chose to plead guilty to Counts 1 and 3, pursuant to the original plea agreement. *Id*.

Moreover, *United States v. Neal*, 509 Fed. Appx. 302 (5th Cir. 2013), *cert. denied*, ––– U.S. ––––, 134 S.Ct. 183 (2013), on which Petitioner relies, is easily distinguished. [Doc. 3 at 18; Doc. 16 at 5]. Unlike Petitioner, Neal pled guilty *without* a plea agreement. *Id.* at 305. He also had *mental and physical health issues* and suffered from memory problems and lack of sleep, of which the court was cognizant at sentencing. *Id.* at 304-305, 306, 308. Yet the court failed to explain to Neal during the plea colloquy, even after he asked a question about the issue, that he could plead guilty to only the substantive drug charges and proceed to trial on the conspiracy charges. *Id.* at 308. The appellate court, thus, concluded that the court did "not 'determine that the defendant underst[ood] . . . the right to plead not guilty as Rule 11(b)(1)(B) demands.'" *Id.* at 309.

In this case, however, Petitioner has not shown that either counsel or the court mistakenly advised him about his "constitutional right to plead guilty only to the drug charge . . . and proceed to trial on the gun charge" despite the plea agreement. [Doc. 16 at 5]. As previously discussed, the record is unambiguous that Petitioner was advised of his right to plead guilty to one, two, or even none of the charges pending against him. [Doc. 3 at 13; Doc. 16 at 1].

Petitioner made known that his preference was to plead guilty to the firearm offense in Count 2, rather than Count 3, to avoid a consecutive term of imprisonment. However, just as it was Petitioner's right to persist in his not guilty plea to any and all charges, it was the Government's prerogative to insist that in exchange for dismissal of other pending charges, Petitioner plead guilty to the charges agreed upon in the Plea Agreement. Consequently, Petitioner's second claim fails.

*Ineffective Assistance of Counsel on Appeal*

Petitioner also appears to assert that counsel rendered ineffective assistance on appeal when he filed an *Anders* brief and failed to raise any appellate issues. [Doc. 2 at 8; Doc. 3 at 17]. Petitioner, however, fails to specify the issues that should and/or could have been raised on appeal; thus, his claim is conclusory and should be denied. *See United States v. Pineda*, 988 F.2d 22, 23 (5th Cir. 1993) ("mere conclusory allegations on a critical issue are insufficient to raise a constitutional issue") (quotations and quoted case omitted); *Ross v. Estelle*, 694 F.2d 1008, 1011 (5th Cir. 1983) ("Absent evidence in the record, a court cannot consider a habeas petitioner's bald assertions on a critical issue in his *pro se* petition . . . to be of probative evidentiary value."). Moreover, because Petitioner's appellate waiver was valid, his claims were likely waived under the terms of the plea agreement. In fact, Petitioner reserved only the right to bring a direct appeal of (i) a sentence exceeding the statutory maximum punishment, or (ii) an arithmetic error at sentencing. [Crim. Doc. 35 at 5]. Consequently, appellate counsel correctly concluded that there was no non-frivolous issue warranting briefing on the merits. *See Smith v. Robbins*, 528 U.S. 259, 285 (2000) (when a petitioner asserts that appellate counsel erroneously failed to file a merits brief, he can satisfy the first part of the *Strickland* test by showing that a reasonably competent attorney would have found that at least one of his claims presented a non-

Page **12** of **14**

frivolous issue).

Because Petitioner cannot show that appellate counsel rendered constitutionally ineffective assistance, his claim fails.

### C. *Alleyne v. United States*

Lastly, relying on *Alleyne v. United States*, --- U.S. ---, 133 S. Ct. 2151, 2155 (2013), Petitioner asserts that he was entitled to a jury trial on the firearm charge. [Doc. 3 at 16, 19]. However, *Alleyne* only held that any fact that increases the mandatory minimum sentence for a crime is an "element" of the criminal offense that must be proven beyond a reasonable doubt by submission to the jury. 133 S. Ct. at 2155. Moreover, *Alleyne*, which was decided several months after Petitioner's direct appeal was dismissed, does not apply retroactively on collateral review. *See In re Kemper*, 735 F.3d 211, 212 (5th Cir. 2013) (addressing retroactivity of *Alleyne* in the context of a successive section 2255 motion); *Mena v. United States*, No. 3:13-CV-3065-D, 2013 WL 6200170, at *2 (N.D. Tex. Nov. 27, 2013) (holding *Alleyne* does not apply retroactively to a timely section 2255 motion). Therefore, this claim has no merit.

### D. Evidentiary Hearing Not Required

Petitioner requests an evidentiary hearing. [Doc. 3 at 19]. However, "[w]hen the files and records of a case make manifest the lack of merit of a section 2255 [motion], the trial court is not required to hold an evidentiary hearing." *United States v. Hughes*, 635 F.2d 449, 451 (5th Cir. 1981); *see also Cervantes*, 132 F.3d at 1111 (petitioner was not entitled to an evidentiary hearing because he did not meet his burden of proof under section 2255). Accordingly, because Petitioner's claims lack merit, for the reasons stated above, no evidentiary hearing is required in this section 2255 proceeding.

### III. RECOMMENDATION

For the foregoing reasons, it is recommended that Petitioner's motion to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255 be **DENIED**.

Signed December 19, 2014.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In <u>order</u> to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE